UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY a/s/o JUDY GOOCH, and/or JERRY R. LYNN, and/or VIRGINIA PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS EASTERN TRANSMISSION, LP, et al.,<br><br>Defendants. | Civil Case No.<br>5:20-cv-360-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*

This matter comes before the Court on Defendant NDT Global LLC's ("NDT Global") Motion to Dismiss [DE 11] pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) for alleged lack of personal jurisdiction and failure to state a claim upon which relief can be granted. For the reasons stated below, the Court will deny the motion [DE 11].

**I. BACKGROUND**

This case arises from an August 1, 2019, rupture that occurred on the Texas Eastern Transmission, LP, Line 15 Pipeline (the "Pipeline") near Danville, Kentucky. The Pipeline spans hundreds of miles and transports natural gas between the northeastern United States and the Gulf of Mexico. [DE 1-1 at 58]. Judy Gooch, Jerry R. Lynn, and Virginia Patterson, (collectively, "Subrogors") allegedly sustained property damage because of the pipeline

rupture, and their real property insurer, Plaintiff, Kentucky Farm Bureau ("Plaintiff" or "KFB"), now seeks to recover amounts it paid to the Subrogors. [DE 1-1 at 58-60].

KFB filed its Complaint [DE 1-1 at 9-35] on July 16, 2020, in the Lincoln Circuit Court against Defendants Texas Eastern Transmission, LP, Spectra Energy Operating Company, LLC, Spectra Energy Transmission Resources, LLC, Spectra Energy Transmission Services, LLC, Spectra Energy Corp., Enbridge (U.S.) Inc., and Unknown Danville Compressor Station Operator. (collectively, "TETLP Defendants"). [*Id.* at 9]. And on July 30, 2020, Plaintiff filed an Amended Complaint adding NDT Systems & Services (America), Inc., ("NDT America") and NDT Global as defendants. [DE 1-1 at 55-83]. However, on August 20, 2020, Defendant TETLP filed a Notice of Removal [DE 1] in this court on the basis of fraudulent joinder. [*Id.* at 5].

On September 25, 2020, Defendant NDT Global filed the present Motion to Dismiss [DE 11], arguing that (1) this Court cannot exercise personal jurisdiction over it, and (2) the Complaint fails to state a claim for which relief can be granted. Along with its motion, NDT Global submitted an affidavit of Thomas Redlinger [DE 11-1], the Vice President of NDT Global, who purports to be familiar with the history and operations of the organization. [*Id.* at 2]. According to Mr. Redlinger, NDT Global is a Delaware corporation with its principal place of business in Houston, Texas.

[*Id*. at 2-3]. Mr. Redlinger asserts that NDT Global has never owned, controlled, operated, supervised, or maintained any natural gas pipeline in Kentucky, including the pipeline at issue. [*Id*.]. Furthermore, he states that NDT Global has never had employees who were residents of Kentucky or who were hired to work in Kentucky, has never regularly engaged contractors to perform work in Kentucky, has never been registered to do business in Kentucky, and has never stored assets or kept bank accounts in Kentucky. [*Id*. at 2]. Mr. Redlinger also avers that NDT Global, which was formerly known as NDT Systems & Services, LLC, and, before that, Weissker Molch, LLC, purchased certain assets from NDT America in 2012. [*Id*. at 1]. However, Mr. Redlinger asserts, NDT Global purchased those assets in an arm's length transaction that was not merely an assignment of assets between two affiliated or related companies. [*Id*.].

Based on these facts, NDT Global argues that it lacked sufficient contacts with Kentucky such that this Court can assert personal jurisdiction over it. [DE 11 at 4]. For the same reasons, and because the allegations against NDT Global in Plaintiff's Amended Complaint lack sufficient specificity, NDT Global also argues the Complaint fails to state a claim against it. [DE 11 at 12-14].

Plaintiff and the TETLP Defendants each filed a response [DE 23; DE 22] to NDT Global's Motion to Dismiss. They argue that the

motion is premature, and the Court should allow the parties to conduct discovery before ruling on the jurisdictional and substantive arguments. [DE 22 at 4-5; DE 23 at 15]. More specifically, Plaintiff and the TETLP Defendants assert that, in March of 2011, NDT America, NDT Global's predecessor, performed an in-line inspection of the Pipeline at issue pursuant to federal inspection requirements. [DE 22 at 2; DE 23 at 4-6]. If NDT Global also assumed the liabilities of NDT America when it purchased NDT America in 2012, they argue, then NDT America's contacts stemming from the 2011 inspection would be imputed to NDT Global such that this Court could exercise personal jurisdiction over the company. [DE 22 at 3-5; DE 23 at 9-11]. For the same reason, they assert that the Complaint has sufficiently stated a claim against NDT Global. [DE 22 at 2-3; DE 23 at 13-15]. As such, Plaintiff and the TETLP Defendants argue that more discovery is necessary for the Court to properly consider the motion to dismiss. [DE 22 at 5-6; DE 23 at 15]. The Court agrees.

## II. DISCUSSION

NDT Global asserts that this Court lacks personal jurisdiction over it and, accordingly, the Court should dismiss the action against it pursuant to Fed. R. Civ. P. 12(b)(2). [DE 11 at 4-12]. Additionally, NDT Global argues that Plaintiff's Complaint fails to state a claim against it for which relief can be granted, so the Court should also dismiss the action against it

4

pursuant to Fed. R. Civ. P. 12(b)(6). [DE 11 at 12-14]. The Court will address each in turn.

### A. Lack of Personal Jurisdiction

"The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "The plaintiff bears the burden of establishing that jurisdiction exists." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 929 (6th Cir. 1974)). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* (citing *Weller,* 504 F.2d at 930). "Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citing *Serras,* 875 F.2d at 1214). "The court has discretion to select which method it will follow, and will only be reversed for abuse of that discretion." *Id.*

(citing *Michigan Nat. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989); *Serras*, 875 F.2d at 1214).

Importantly, "the pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the plaintiff." *Theunissen*, 935 F.2d at 1459 (citing *Serras*, 875 F.2d at 1214). And "in sharp contrast to summary judgment procedure, . . . the court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal." *Id*. This rule is in place "in order to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts," *id.*, as NDT Global has done in this case. Further, although the plaintiff bears the burden of demonstrating that jurisdiction exists, "[i]f jurisdiction hinges on facts not readily available to the plaintiff, 'courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.'" *Branson v. All. Coal*, No. 4:19-cv-155, 2021 WL 1031002, at *1 (W.D. Ky. Mar. 17, 2021) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

In a diversity case such as this, we look to the law of the forum state to determine whether personal jurisdiction exists. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Exercising personal jurisdiction is appropriate only if doing so

6

"meets both the state long-arm statute and constitutional due process requirements." *Id*.

The Court finds that the issue of whether it may exercise personal jurisdiction over NDT Global warrants further discovery. Plaintiff and the TETLP Defendants assert that NDT America performed an in-line inspection of the Pipeline in March of 2011 and that the contacts stemming from that inspection are sufficient to give this Court jurisdiction over NDT America. [DE 22 at 2; DE 23 at 2, 4-5]. And NDT Global acknowledges that it purchased certain assets from NDT America in 2012. [DE 11 at 3]. However, NDT Global relies on the declaration of Mr. Redlinger to support the contention that it assumed no liabilities in its 2012 purchase of NDT America and, therefore, does not have sufficient contacts with Kentucky to give this Court personal jurisdiction over the company. [DE 11-1; DE 11 at 4-12]. But the actual substance of the purchase agreement between NDT Global and NDT America has not been disclosed. Additional information regarding NDT Global's purchase of NDT America, the circumstances surrounding that purchase, and the relationship between the two entities is relevant to a jurisdictional inquiry because, in some cases, a court may impute the jurisdiction of a corporate predecessor to its successor. *See Perry Drug Stores v. CSK Auto Corp.*, 93 F. App'x 677, 681 (6th Cir. 2003) ("A court may impute the jurisdiction of a corporate predecessor to its successor where the successor expressly assumed

7

the liability of the predecessor corporation." (citing *Jeffrey v. Rapid American Corp.*, 529 N.W.2d 644 (Mich. 1995)); *see also Skyway USA, Inc. v. Synergistic Communications LLC*, No. 05-379-C, 2008 WL 4000560, at *5 (W.D. Ky. Aug. 25, 2008) (noting, under Kentucky law, various exceptions to the general rule that a successor corporation, in the absence of a contract obligation or fraud, cannot be held responsible for the debts or liabilities of its predecessor corporation (citing *Parker v. Henry A. Petter Supply Co.*, 165 S.W.3d 474, 479 (Ky. App. 2005)). At this juncture, the Court simply lacks sufficient information to determine whether NDT America's contacts with Kentucky can be imputed to NDT Global. As such, the issue of whether the Court may exercise personal jurisdiction over NDT Global warrants further discovery, and, therefore, the request for dismissal pursuant to Rule 12(b)(2) is premature.

**B. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be attacked for failure "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A motion to dismiss is properly granted if it is beyond doubt that no set

of facts would entitle the petitioner to relief on his claims." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Importantly, Federal Rule of Civil Procedure 12(d) provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[,]" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court "has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997).

NDT Global has submitted matters outside of the pleadings for this Court's review in the form of Mr. Redlinger's affidavit, which is attached to its Motion to Dismiss. [DE 11-1]. Plaintiff and the

9

TETLP Defendants correctly note that they did not have the opportunity to conduct discovery to develop their claims before their response to the Motion to Dismiss was due. [DE 22 at 4; DE 23 at 2-3]. They therefore request the opportunity to proceed with discovery before this Court fully considers NDT Global's request to be dismissed for failure to state a claim. [DE 22 at 5; DE 23 at 15].

The Court agrees that Plaintiff and the TETLP Defendants are entitled to an opportunity to conduct discovery to present material that is pertinent to NDT Global's Motion to Dismiss pursuant to Rule 12(b)(6). Furthermore, because the issue of whether NDT Global assumed the liabilities of NDT America through its 2012 purchase of NDT America's assets is, to some extent, both a merits and a personal-jurisdiction question, and because the Court will allow discovery to proceed before fully considering NDT Global's request to dismiss the case against it based on lack of personal jurisdiction, it is also appropriate to allow discovery to proceed before fully considering NDT Global's request for dismissal for failure to state a claim.[1] Accordingly, the Court will deny NDT Global's Motion to Dismiss without prejudice and allow discovery

---

[1] Additionally, in a similarly situated case, *Workman, et al. v. Texas Eastern Transmission, LP, et al.*, 5:20-cv-396, at DE 24 (E.D. Ky. July 19, 2021), this Court also denied without prejudice NDT Global's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) for the same reasons.

10

to proceed. If evidence is uncovered during the course of discovery that would shed light on NDT Global's liability stemming from the 2011 in-line inspection, then NDT Global's arguments for dismissal under 12(b)(2) and 12(b)(6) may be raised again.

### III. THE COURT'S OCTOBER 16, 2020, SCHEDULING ORDER

After receiving the Plaintiff and TETLP Defendants' joint report pursuant to Federal Rule of Civil Procedure 26 [DE 15], the Court entered a Scheduling Order on October 16, 2020. [DE 19]. The Scheduling Order required that the parties complete all discovery on or before May 28, 2021, and that the parties shall again meet and confer within fourteen days of the completion of the NTSB investigation to discuss an additional discovery plan. [*Id*. at 2-3]. The May 28, 2021, discovery deadline has passed, and, as far as the Court is aware, the NTSB investigation is still ongoing. Because the NTSB investigation is an impediment to the parties' completing certain discovery, and because the discovery deadline has passed, the Court will, *sua sponte*, vacate its October 16, 2020, Scheduling Order [DE 19], but only in so far as it pertains to the May 28, 2021, discovery deadline.[2] The parties' obligation to meet and file a joint status report within fourteen days of the completion of the NTSB investigation remains. [*See* DE 19 at 3].

---

[2] "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)).

## IV. CONCLUSION

The Court, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant NDT Global's Motion to Dismiss [DE 11] is **DENIED WITHOUT PREJUDICE**; and

(2) The Court's October 16, 2020, Scheduling Order [DE 19] is **VACATED IN PART**, insofar as it pertains to the May 28, 2021, discovery deadline; and

(3) Within **fourteen (14) days** of the completion of the NTSB investigation, the parties **SHALL** meet and confer regarding the remaining deadlines discussed in the Court's October 16, 2020, Scheduling Order [DE 19] and file a joint status report with a proposed discovery plan, **including a new discovery deadline.**

This the 12th day of August, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge